UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KESTER SANDY,

            Plaintiff,

      -against-

DANIEL F. MARTUSCELLO, JR.,
Superintendent of Coxsackie Correctional Facility,

            Defendant.
------------------------------------------------------------X
VITALIANO, D.J.

MEMORANDUM & ORDER
16-CV-421 (ENV)

On March 28, 2016, petitioner Kester Sandy was advised that, should he not withdraw his petition for a writ of habeas corpus, which was incorrectly brought under 28 U.S.C. § 2241, it would be designated as a petition made under 28 U.S.C. § 2254. Such a designation meant, he was told, that he would be required to show cause as to why the petition should then not be dismissed as time-barred, pursuant to 28 U.S.C. § 2244(d). See Dkt. No. 9. Sandy failed to withdraw the petition within the time allotted, and, accordingly, on May 2, 2016, an order was entered re-classifying his petition as a § 2254 petition and directing him to show cause why it should not be dismissed. Sandy timely responded. See Pet. Resp., Dkt. No. 11. For the reasons that follow, the petition is dismissed because, as of the date of its original filing, the petition was barred by the applicable statute of limitations.

## Discussion

As noted in the initial order, AEDPA imposes a strict one-year statute of limitations for all § 2254 petitions. The one-year period runs from the date on which the latest of the following four events occurs: (a) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (b) the date on

which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(l)(A)-(D).

None of these four alternative occurrences provides refuge to petitioner. As noted in earlier proceedings, petitioner's appeal of his conviction was dismissed in April 2009, at which point the judgment became final. He does not rely on any new formulation of rights promulgated by the Supreme Court, nor does he claim to rely on any evidence that was previously unavailable. The only contention Sandy has addressed that could plausibly be interpreted as one seeking to toll the limitations period is that, for a period of 18 months after his conviction, records relating to his case were misplaced during his transfer between facilities and he was, consequently, "without any legal documents to challenge the issues in this petition." See Pet. Resp. at 3. Yet, even if this 18-month delay were taken to constitute an "impediment to filing an application created by state action in violation of the Constitution or laws of the United States" – a dubious proposition in itself[1] – such delay would have resolved, at the latest, in 2010. As a result, the limitations period would have expired in 2011. The petition, of course, was not

---

[1]     See Williams v. Heath, No. 11-CV-112, 2012 WL 580224, at *3 (E.D.N.Y. Feb. 16, 2012) ("[P]etitioner's inability to obtain his appellate briefs or 'legal papers' was not an 'extraordinary circumstance' preventing him from filing his petition in a timely manner.") (citing cases); Padilla v. United States, No. 02 CV 1142, 2002 WL 31571733, at *4 (S.D.N.Y. Nov. 19, 2002) ("Even if [petitioner] did not have all the necessary materials or experienced delay in obtaining them, those are not extraordinary circumstances warranting equitable tolling.") (citing cases); see also Lindo v. Lefever, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002) ("Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.") (citing cases).

filed until December 2015 – four years after the AEDPA-imposed deadline would have come and gone.

## Conclusion

For the foregoing reasons, Sandy's petition for a writ of habeas corpus is dismissed as time-barred, and the writ is denied. Dismissal, certainly, is without prejudice to any right Sandy may have to seek in state court any state remedies that might be available to him under state law.

Since Sandy has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. 28 U.S.C. § 2253(c)(2).

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to enter judgment in favor of respondent and to close this case.

So Ordered.


Dated: Brooklyn, New York
       August 19, 2016

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge